IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARNOLD GACHUPIN and JUDY
GACHUPIN, individually and as guardians
and next friends of N.S., a minor,

      Plaintiffs,

      v.                                          Civ. No. 24-276 JMC/SCY

ALBUQUERQUE PUBLIC SCHOOLS;
LOVIATA MITCHELL, in her individual
capacity; and MANUEL ALZAGA, in his
individual capacity,

      Defendants.

## ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY

Plaintiffs Arnold Gachupin and Judy Gachupin filed this action individually and as guardians of their daughter, N.S., who was a minor when this lawsuit was filed. N.S. recently turned 18 years old, and now moves for leave to proceed anonymously through the continued use of initials. Doc. 34. Defendants Albuquerque Public Schools and Manuel Alzaga oppose. Doc. 42.

Proceeding anonymously as an adult litigant is not explicitly contemplated by the Federal Rules of Civil Procedure. Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public

interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). This Court has found that allegations of sexual abuse against a minor are of the kind of "highly sensitive and personal nature" which justifies anonymity. *J.B. on behalf of K.E. v. Charley*, No. 21cv1032 MV/SCY, 2021 WL 5768907, at *3 (D.N.M. Dec. 6, 2021) (quoting *Femedeer*, 227 F.3d at 1246 and collecting cases).

Here, Plaintiffs allege that N.S. was injured at school when her teacher brought swords into the classroom and instructed students to fight each other with them. Doc. 1-1. These allegations do not involve an injury as sensitive as a sexual assault. However, N.S. was a minor when the injury happened. In addition, the injury is serious and more sensational than, for example, a car crash. Plaintiffs argue that N.S. has an interest in privacy and that media interest in this case, and potential media contact, would disrupt her school and personal life. Doc. 34 at 3. Although the public, including the media, does have an interest in the courts' adjudication of this case, that interest is not meaningfully diminished by the absence of the victim's full name. Thus,

"weigh[ing] the plaintiff's claimed right to privacy against the countervailing public interest," the Court finds that N.S. may proceed by initials. *M.M.*, 139 F.3d at 803.

The Court grants Plaintiffs' petition to permit N.S. to proceed anonymously. Per Plaintiffs' request, Doc. 34 at 3, Plaintiffs shall file a sealed, unredacted complaint separately on the docket disclosing N.S.'s full name within 14 days of the entry of this Order. N.S. shall proceed by initials for all other filings.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE