IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

N.S, ARNOLD GACHUPIN,
and JUDY GACHUPIN,

    Plaintiffs,                                     Case No. 1:24-cv-276-JMC-KK

v.

ALBUQUERQUE PUBLIC SCHOOLS;
LOVIATA MITCHELL, in her individual
capacity, and MANUEL ALZAGA, in his
individual capacity,

    Defendants.

**ORDER GRANTING PLAINTIFFS' SECOND MOTION TO AMEND COMPLAINT; DENYING AS MOOT DEFENDANT APS'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFFS' AMENDED COMPLAINT; DENYING AS MOOT DEFENDANT APS'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFFS' AMENDED COMPLAINT; DENYING AS MOOT MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY AGAINST DEFENDANT LOVIATA MITCHELL; DENYING AS MOOT DEFENDANT MITCHELL'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II OF PLAINTIFFS' AMENDED COMPLAINT; REOPENING DISCOVERY; DENYING AS MOOT PLAINTIFFS' AND DEFENDANT APS'S JOINT MOTION FOR LEAVE TO TAKE DEPOSITIONS AFTER DISCOVERY DEADLINE; AND DIRECTING PLAINTIFFS TO FILE THE SECOND AMENDED COMPLAINT**

I.    Background

On December 30, 2024, Plaintiffs filed a Motion Pursuant to Federal Rule of Civil Procedure 15 for Leave to File a Second Amended Complaint. In their motion, filed after the Scheduling Order deadline to amend pleadings, Plaintiffs seek to amend the complaint to conform to evidence obtained in discovery. Specifically, the proposed Second Amended Complaint removes Defendant Manuel Alzaga, clarifies the relevant facts and existing counts, adds a *Monell* claim and a spoliation claim against Defendant Albuquerque Public Schools, and combines two counts for negligence under the New Mexico Tort Claims Act.

II.     Applicable Law

Although Federal Rule of Civil Procedure 15 generally governs amendments to pleadings, Rule 16 governs amendments to scheduling orders. Where, as here, a motion to amend a pleading is filed after the scheduling order deadline, a moving party must satisfy the good cause standard of Rule 16 before turning to Rule 15. Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." The "good cause" standard of Rule 16 is "an arguably more stringent standard than the standards for amending a pleading under Rule 15." *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Walker v. THI of N.M. at Hobbs Ctr.*, 262 F.R.D. 599, 603 (D.N.M. 2009). A "rough similarity" exists between the "good cause" standard of Rule 16 and the "undue delay" standard in Rule 15." *Minter*, 451 F.3d at 1205 n.4.

If Plaintiffs demonstrate good cause to extend the deadline to file a motion for leave to amend, then the motion for leave to amend is also considered under Rule 15. *Walker*, 262 F.R.D. at 603. Rule 15 provides "leave shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

III.    Analysis

Plaintiffs contend they have good cause to amend. They assert that they obtained key information only recently. Plaintiffs premise their proposed new *Monell* claim on the allegation

2

that Defendant Albuquerque Public Schools had no policy regarding lesson plan review. Specifically, they say that they first learned critical details about Defendant Albuquerque Public School's policies and practices related to the supervision of first-year special education teachers like Defendant Mitchell and its policy or custom of not reviewing teacher lesson plans for those teachers—and the lack of internal checks that might have prevented the incident—only after they conducted depositions and Defendants produced responsive documents.

Defendant Albuquerque Public Schools contends that Plaintiffs could have included this claim in their original complaint. It posits that the relevant information has been available to them for months. Defendant Albuquerque Public Schools points to a publicly available negotiated agreement with the teachers' union that emphasizes "[f]reedom to teach" and grants teachers "the right and responsibility to exercise their professional judgment." It contends that the absence of a lesson plan submission policy reflects its reasonable reliance on a licensed educator's presumed professional judgment. Defendant Albuquerque Public Schools further references the New Mexico Public Education Department's guidelines which limited formal teacher observations to two per year and required the submission of only a single lesson plan annually for evaluation purposes. It notes that the number of required reviews now is zero.

Looking to the discovery Plaintiffs submitted to the Court, in May, Defendant Mitchell produced a lesson plan for the date of the injury and indicated that she submitted it to Justin Griego, an assistant principal, as part of the normal lesson plan approval process. Plaintiffs then took the deposition of Defendant Alzaga, a former assistant principal in October. Plaintiffs inquired about lesson plans and Alzaga indicated that Defendant Albuquerque Public Schools had specific requirements for lesson plans including submission and review. Following the deposition, Plaintiffs sent discovery to Defendant Albuquerque Public Schools asking about the lesson plan

review process and policies. On November 15, Defendant Albuquerque Public Schools responded that it did not have any policies related to lesson plan submission and review and that Defendant Mitchell may not have submitted the lesson plan as she indicated. On November 18, Plaintiffs took Griego's deposition. He said that he did not have a lesson plan review requirement other than the single one as part of a formal evaluation and that he had never seen the lesson plan Defendant Mitchell used. On December 20, Defendant Albuquerque Public Schools supplemented its discovery responses with a copy of Volcano Vista High School's Staff Handbook. Plaintiffs argue this was responsive to Plaintiffs' first set of discovery responses that it served seven months earlier. This document included lesson plan requirements.

As to the spoliation claim, Plaintiffs contend that they could not confirm that Defendant Albuquerque Public Schools permanently lost or mishandled the swords until they took the deposition of the owner of the swords. They also assert an Albuquerque Public Schools police officer failed to activate his body camera and to tag the swords into evidence.

Defendant Albuquerque Public Schools counters that Plaintiffs knew that it did not have video evidence related to the subject incident or possession of the swords based on its discovery responses from June 2024. Plaintiffs say that knowing that Defendant Albuquerque Public Schools did not have the swords in its possession is not the same as confirmation that the swords were permanently lost. Plaintiffs also contend that Defendant Albuquerque Public Schools has possession of an interview with the officer who did not activate his body camera and has failed to produce the interview.

Plaintiffs assert that as soon as they had enough facts to form a good-faith basis for a *Monell* and spoliation claims, they moved to amend. Plaintiffs also add that although they filed their

motion on December 30, they informed Defense counsel at least a month earlier of their intent to file their motion.

Defendants' objections to granting the amendment are without merit. Under the facts of this case, Plaintiffs satisfy Rule 16(b)'s good cause standard. Plaintiffs diligently attempted to meet the deadlines and adequately explained the delay. Defendants cannot show Plaintiffs knew an amendment to their complaint was needed prior to the amendment deadline. Moreover, Plaintiffs indicated they did not know of the detailed facts they now seek to add to the complaint at the time they filed their First Amended Complaint and at the amendment deadline.

Plaintiffs' amendments derive from discovery which occurred after the amendment deadline—one way the Tenth Circuit has said a plaintiff satisfies Rule 16's good cause requirement. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The Court notes the parties were on notice of the new claims during discovery because Plaintiffs conducted discovery on these issues. Moreover, no trial date is set and the dispositive motion deadline is in May 2025. For these reasons, good cause exists under the facts and circumstances of this case to allow amendment. *Compare Minter*, 451 F.3d at 1207 (granting plaintiffs' motion to amend three weeks before trial because it arose in response to late discovery disclosures) *with McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (denying leave to amend because plaintiff was aware of the information on which the proposed amendment was based prior to the filing of the complaint).

The Court now turns to Rule 15. As discussed in the preceding paragraph, under the facts of this case, the motion for leave to amend is timely. Defendants will not be unduly prejudiced by Plaintiffs' amendment. Prejudice exists where the amendment unfairly impacts defendants in terms of preparing their defense to the amendment. *Minter*, 451 F.3d at 1208. This occurs often

"when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*  Although a defendant may experience some "practical prejudice resulting from an amendment," that is not the test the Court applies. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).  Nor does the fact that a non-moving party might have prevailed but for the amendment control the Court's analysis.  *Id.*  Rather, the issue turns on "whether the allowing of the amendment produced a grave injustice to the defendant." *Id.*  "As a general rule" the Court should not prevent a plaintiff from pursing a valid claim "provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991).

    Here, Plaintiffs' amendment does not create undue prejudice.  Defendant Albuquerque Public Schools claims Plaintiffs are forcing it to develop a new defense strategy, consult additional experts, and conduct significant additional discovery.  This argument is, however, without merit.  Plaintiffs filed this motion at the end of December and informed Defendants of its plan to file it a month before that.  When Plaintiffs disclosed their experts, they provided an educational expert who wrote about the shortcomings of Defendant Albuquerque Public Schools' supervision of Defendant Mitchell and review of her lesson plan.  The Court agrees with Plaintiffs that if Defendant Albuquerque Public Schools would need to retain an expert regarding school safety with respect to curriculum and less on planning as it asserts, then it would have needed it nonetheless to respond to Plaintiffs' disclosed expert regardless of amendment.  Moreover, any objections on expended time and resources must fail as well. *Bylin*, 568 F.3d at 1230–31 (noting "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice").  The Court further notes trial is not set in this matter and the amendment will not precipitate significant

additional discovery.  Accordingly, the Court concludes granting Plaintiffs' motion will not cause undue prejudice.

Defendant Mitchell filed a separate response to the motion to amend.  She argues that Plaintiff's amended complaint seeks to "reformulate facts" to better suit their claims and to prejudice Defendant.  Defendant Mitchell takes issue with Plaintiffs no longer calling the swords "props" in the proposed second amended complaint.  She further complains that Plaintiffs changed the wording from that Defendant Mitchell "encouraged" student participation to "instructed."  The Court notes that these semantic changes do not substantively change the claims against Defendant Mitchell.

Defendant Mitchell also objects to the addition of two claims against her.  The first is that she argues the proposed second amended complaint adds a new substantive due process claim against her by adding a violation of "bodily integrity and personal security" to the already existing "state-created danger" violation.  Plaintiffs claim that the new proposed amended complaint specifies the existing claim by listing the substantive due process right Defendant Mitchell allegedly violated.  The claim does not seem new.  Even Plaintiffs alleged it alternatively to being free from state-created danger.  But the Court does think that the new language regarding bodily integrity and personal security augments the existing substantive due process claim against Defendant Mitchell.  *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (concluding no prejudice existed were the petitioner's amended claims "track the factual situations set forth in his [original] claims"); *see also Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (holding district court's refusal to allow amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint").  After all, the parties have been conducting discovery on N.S.'s bodily injuries and her safety while at school.

7

The First Amended Complaint alleged that Defendant Mitchell directed students to sword fight in conscious disregard of the risk of serious injury or death and that a licensed teacher brought dangerous weapons to a school and directed her students to fight with them without any training or safety equipment. It also alleged that Defendant Mitchell created the danger to N.S. and increased her vulnerability to that danger. The Court believes that the amended claims track the factual situations set forth in the original claims.

Next Defendant Mitchell says that Plaintiffs added a "reckless disregard" statement that adds a punitive damages claim against her in the New Mexico Tort Claims Act allegation. But the New Mexico Tort Claims Act contains an "express grant of immunity to the state from liability for punitive damages in an action for which immunity has been waived." *Torrance County Mental Health Program, Inc. v. N.M. Health & Env't Dep't*, 830 P.2d 145, 149 (N.M. 1992); *see also* N.M.S.A. § 41-4-19(D) (providing no punitive damages under the Tort Claims Act).

Defendant Mitchell also argues that Plaintiffs added a new category of damages which is unfair to her. Plaintiffs have added "earning capacity." Plaintiffs contend that this change in the list of desired relief clarifies the applicable categories and does not change them because the original prayers for relief claimed damages "including, but not limited to . . . lost future earnings," which substantively already included "earning capacity." The Court agrees with Plaintiff that the addition of express "earning capacity" does not prejudice Defendant Mitchell.

Finally, the amendment of the Complaint is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Defendant Albuquerque Public Schools argues that the proposed new *Monell* claim is futile because a claim that a custom or practice of not reviewing lesson plans such that students' physical safety is threatened must fail.

In addition to a constitutional violation, Plaintiffs must satisfy three elements to succeed on a *Monell* claim: "(1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127,1145 (10th Cir. 2023).  In paragraph 126, Plaintiffs allege a violation of N.S.'s substantive due process rights.  In paragraph 129, Plaintiffs allege that Defendant Albuquerque Public Schools maintained a practice or custom of not requiring submission or review of lesson plans for a first-year teacher and that practice was so permanent and well settled as to constitute a custom or usage with the force of law.  An official policy or custom may include "an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Id.*  Plaintiffs further allege that this policy of not reviewing lesson plans permitted Defendant Mitchell to violate N.S.'s substantive due process rights and the practice or custom demonstrated a deliberate indifference to N.S.'s constitutional rights and was the moving force behind the constitutional violations and injuries suffered.  Plaintiffs allege sufficient facts to state a claim in their proposed Second Amended Complaint.  *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).  Accordingly, Plaintiffs' proposed amendment is not futile.  This Court will not conduct an analysis of the evidence on this theory of Plaintiffs' case at this stage of the proceedings and does not rule on the merits of the claim at this time.

### IV.   Conclusion

For the reasons set forth above, this Court GRANTS Plaintiffs' Second Motion to Amend Complaint (Doc. 93).  Because the Court grants Plaintiffs' motion to amend, the Court DENIES AS MOOT Defendant APS's Motion for Summary Judgment on Counts I and II of Plaintiffs' Amended Complaint (Doc. 137); DENIES AS MOOT Defendant APS's Motion for Summary

Judgment on Counts I and II of Plaintiffs' Amended Complaint (Doc 140); DENIES AS MOOT Motion for Partial Summary Judgment as to Liability against Defendant Loviata Mitchell (Doc. 145); and DENIES AS MOOT Defendant Mitchell's Motion for Summary Judgment on Counts I and II of Plaintiffs' Amended Complaint (Doc. 152). Additionally, because discovery is closed in this matter, the Court REOPENS discovery until **May 9, 2025**. Because the Court is reopening discovery and counsel can depose the four individuals listed in their motion prior to May 9, 2025, the Court DENIES AS MOOT Plaintiffs' and Defendant APS's Joint Motion for Leave to Take Depositions after Discovery Deadline (Doc. 154). Any summary judgment motions shall be filed on or before **June 9, 2025**. The Court DIRECTS Plaintiffs to file the Second Amended Complaint.

IT IS SO ORDERED.

Entered for the Court
this the 9th day of April, 2025

/s/ Joel M. Carson III
Joel M. Carson III
United States Circuit Judge
Sitting by Designation